IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MURDY, | § | |
| | § | No. 97, 2018 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1102005997 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 19, 2018
Decided: March 28, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 28th day of March 2018, it appears that:

(1)    On February 22, 2018, the Court received the appellant's notice of appeal from a violation of probation (VOP) sentence imposed by the Superior Court on January 19, 2018.  Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before February 19, 2018.

(2)    The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1]  The appellant filed a response to the notice to show cause on March 19, 2018.  The appellant's response

---

[1]Del. Supr. Ct. R. 29(b).

states that he placed his notice of appeal in the prison mail in sufficient time for it to reach the Court before the expiration of the 30-day deadline. He asserts that it did not reach the Court in time because the prison does not process mail on the weekends and because of the President's Day federal holiday. He argues that he should not be held responsible for the delay.

(3) Time is a jurisdictional requirement,[2] and this Court has never adopted a prisoner mailbox rule.[3] A notice of appeal must be *received* by the Office of the Clerk of this Court within the applicable time period to be effective.[4] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6] Prison personnel are not court-related personnel. Thus, the untimely appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4]Del. Supr. Ct. R. 10(a) (emphasis added).
[5]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[6]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).